Next case on our call is agenda number 8 number 128 077 people the state of Illinois versus Johnny English. Counsel for the appellant you may proceed. Good morning your honors. My name is Therese Fissel from the office of the state appellate defender and I am representing the appellant Mr. Johnny English. This case presents a significant jurisdictional issue and is one that should be decided equitably and in favor of pro se incarcerated litigants like Mr. English. In this case there is clear evidence that Mr. English mailed his notice of appeal on a timely date. The postage meter stamp on the envelope proved that Mr. English timely mailed and thus timely filed his notice of appeal. Even though he did not include a certificate of service it is unjust for this court to show that he did in fact mail his notice of appeal on September 1st, 2020 within the 30. My question is you brought it right to the forefront. What are we doing here? We know what the rule says. We know and you concede he did not follow the rule. So what are you asking this court to do? Relax the rule in this specific situation? Amend the rule for specifically him? What do you ask us to do given the fact that you agree he did not comply with the rule? The key here is that the court, just asking the court to not turn a blind eye to clear evidence that his notice of appeal here was timely mailed. It is within the sort of What do you mean by that? Yes, yes. So we, he violated the rule. He did not comply with the rule. Well, courts may depart from the plain language of the rule when it produces absurd unjust results. And that is what we have here, an unjust result. He has denied his constitutional right to appeal simply because the courts ignored clear evidence that his notice of appeal was timely mailed. So you want us to relax the rule only in this instance? Or are you saying that we should say the rule says something different than what it actually says? Well, here, it's really asking for the court to not ignore clear evidence. This court does have the power and the ability to amend the rule if it wishes to. Under the appellate court cases of Humphrey and Hanson, those cases found that a postmark is in a certificate. Counsel, are you making an equitable argument in this specific case? Or in general, as Justice Holder White asked you, what exactly are you asking? A general amendment of the rule in this case? Are you making an equitable argument as applied to the facts of this case? Well, really, in this case. I mean, in this particular case, we have clear evidence on the record that he mailed his notice of appeal. And the court should not turn a blind eye to that clear evidence that his notice of appeal was mailed timely. But how do we balance that with the fact that we all know that our rules are rules and they say what they mean, what they say, and they say what they mean. So how do we do that? But again, if the literal reading of the rule leads to an absurd, unjust result, which is what we have here, the court is not bound to that. How would this case be different? If this happened in every single case, what does that say about the rule? Should we change it? Again, I'm trying to figure out what are you asking us to do? Is it applicable just to this case and these facts? And is it an equitable argument? Or are you saying, relax the rules, amend the rules? That I really do need clarity around. Okay. Well, in this particular case, court should not ignore the clear evidence that he timely mailed his notice of appeal. Mr. English here was denied his constitutional right to an appeal because the courts overlooked clear evidence that he timely mailed his notice of appeal. It is important for this court to consider evidence in a way that protects the rights of pro se incarcerated litigants and promotes and ensures access to the courts. Isn't the committee comments to this rule, which was amended, I think, in 93, wasn't the purpose of this amendment to assist people exactly like Mr. English, to make it easier for him to preserve his right to appeal? But despite that, he didn't follow that rule. Yes. I mean, that is true. And here, the underlying purpose of those amendments is to, yes, in essence, make things easier for pro se incarcerated litigants, and to make sure that they are not denied access to the courts just because of a problem with a postmark. And it's true that pro se incarcerated litigants like Mr. English, he did not follow the rule, and he did not include a certificate. And definitely, if someone --- And yet, isn't there evidence that he clearly followed the timeliness requirements? Yes. And definitely, if someone is a pro se litigant, you know, without a lot of legal knowledge and access and resources and things like that, they are obviously taking a risk if they do not include a certificate. Counselor, my colleagues have indicated to you that these rules are not inspirational. As we know, you've said the rule is unjust. You were asked, are you asking us to amend the rule? Certainly, this Court does have the ability to amend the rule. Under the appellate court cases of Humphrey and Hansen, they found that this Court could follow those appellate court decisions and rule that here, the postage meter stamp or a postmark is essentially equal, fulfills the certification requirement. But certainly, this Court does have the ability to amend the rule if that seems like, if that seems fit. Could we issue a supervisory order, I mean, not change the rule, but in this instance, based on the facts and circumstances of this individual case, enter a supervisory order directing the appellate court to accept the appeal? Certainly, that is a possibility. A supervisory order is an option here. But in this situation, it's a more efficient use of judicial resources to simply look at the date on the envelope that is in the record that establishes that he did, in fact, timely mail his notice of appeal. I know there's some conversation about this, but I'm asking sort of, is it in the briefs? Is it true that Mr. English has filed many, many, a number of other pleadings and has always included the certification in the others? So he hasn't filed many. There has been a number. How many is a number? I believe he filed a direct appeal, and then back in 1999. The previous postconviction petition was in 2005. So, and then this petition was in 2020. So it's been twice he's filed, and each time he's filed a certificate. Yes, he did. So he, we think and assume he knows what the rules are. He followed the rules the other time. Yes. Again, but this wasn't a situation where, you know, the first PC was in 2005, and this was in 2020. So it's not a situation where he was continuously filing, you know, documents over and over in recent years. He did attempt, I mean, I think this court should not overlook the fact that he did attempt to include, he didn't use the correct language, he didn't use an actual certification, but he did include with his notice of appeal this, what he entitled the notice of mailing slash filing. And again, that goes back to pro se incarcerated litigants. They don't have, you know, there's limited legal knowledge and resources that they have. And that shows that, yes, he knew that he was supposed to include some sort of, you know, information as to when he was mailing it. And he included a lot of the information that is required in a certification. He just did not properly include the certification there. What did the committee comments say about why this rule was amended for the benefit of incarcerated defendants? Yes. I mean, the rule was amended because there were problems with postmarks. And both parties agree that there are, there can be and there are problems with postmarks. But that goes to that the fundamental point of the amendments was to protect the rights of pro se incarcerated litigants and ensure they have access to the courts. So here Mr. English was denied his constitutional right to an appeal simply because he did not include a certificate. And the court ignored clear evidence that his notice of appeal was mailed timely and thus timely filed. There are problems with postmarks and that's perhaps one of the rules passed. Yes. But was there a problem with postmark in this case? Was it clearly legible? It was legible, yes. And what we have here is a postage meter stamp, which should be considered as a postmark. And it does include the date of September 1, 2020, which indicates that it was timely mailed within the 30-day deadline. Yes, Your Honors. If there's no further question, Your Honors, this court should not turn a blind eye to the clear evidence that Mr. English's notice of appeal was in fact timely. To do so leads to an unjust result. For these reasons, Mr. English respectfully requests that this court find that he did mail his notice of appeal timely and remand this case to the appellate court for consideration of whether he set forth the requisite showing of cause and prejudice to file a successive postconviction petition. Thank you, Your Honors. Good morning, Your Honors. Good morning. Good morning, Your Honors. So I'd like to start with Chief Justice Tice's question at the beginning, and I think a few other questions. What exactly are we doing here? What exactly is the relief that Petitioner is asking for? I think it helps to tease apart what the options are exactly, because that hasn't been entirely clear up to now. So doctrinally, there are three things, roughly, the court could do. No, it's just three. So in Petitioner's brief, his opening brief, his primary argument is that the court should construe the rule, as the courts in Humphrey and Hansen did, as allowing postmark evidence, chiefly relying on the absurd results doctrine. He's also suggested that the court could amend its rule, presumably through an opinion and by bypassing its ordinary process of public hearing and notice and comment, to change the rule across the board to allow some kind of postmark evidence. Or it could just issue a supervisory order, as Justice Holderwhite pointed out, reinstating his appeal. So as a second option, the court should not do that. The court could use the rulemaking processes to consider a policy question like this and amend its rule without going through the normal deliberative rulemaking process. But the parties in this case are not positioned to speak for all of the parties that may have an interest in the outcome of a rule change such as this, nor is it entirely clear what the scope of the rule change is that Petitioner is proposing. As to the first theoretical option on which Petitioner has spent most of his argument, that the court can construe its rule as allowing postmark evidence. No, it cannot. It simply doesn't. The language of the rule is plain and unambiguous. It provides that mailing shall be proven as provided in Rule 12. And Rule 12, of course, provides that it shall be proven by certificate of service and it has a specific provision with specific requirements for incarcerated pro se litigants. Counsel, is it reasonable to read the rule to provide that the certificate is conclusive proof but not necessarily exclusive proof? No. So in Secura, this Court construed Rule 373's proof shall be as provided language strictly as requiring that mailing be proven in the manner provided in the rule in order to take advantage of the mailbox rule. And if Rule 12 was not exhaustive, if there were other options for providing proof, then the language that it shall be proven as provided would be superfluous. And it's worth remembering that the Court specifically eliminated postmark evidence from the rule. Until 1981, the rule provided that parties may prove mailing by official postmarks. The Court deleted that language and replaced it with the certificate requirement. In 1981, it explained because of problems with delayed and illegible postmarks. So a litigant who took his filing to the post office and left it there with adequate postage ready to be mailed out before it was due and who relied on a postmark to show his timely mailing as the rule allowed him to do, could find later that there was an illegible postmark or only a postmark applied after enough of a delay so as to make his filing appear to be untimely even when it was timely. So the Court responded to that problem by deleting the language allowing postmark evidence at all. And it had good reasons to do that. If the Court had instead said that a party may prove timely mailing either by filing a certificate of service or by a postmark, then some litigants simply would not file certificates of service in the belief that a postmark would suffice. Put more simply, if you allow litigants to rely on postmarks when they are available and they can show timely mailing, then inevitably some litigants will rely on them to their own detriment in cases where they're not available and they cannot show timely mailing. And both of those reasons are still applicable today. Although I will note in the context of incarcerated pro se litigants in particular, the problem of delay is likely more acute than it would be with another kind of litigant mailing something because there is always some delay after an incarcerated pro se litigant deposits their filing into the prison mail system and before the staff at the mailroom will run it through the postal meter and mail it out. The aim of prison mailbox rules in 12b-6, like is one of those, is to give incarcerated pro se litigants the benefit of their own time of mailing. We want to treat their mailing date as the time when they have done everything they can do to see that it is mailed, which in their case is to include a certificate of service, put it in the envelope, give it to the prison mailroom staff, or deposit it into the system. That's it. If instead we look at the date that the prison mailroom staff mailed it out, that can vary. Particularly given that many litigants do tend to mail their filings in the last couple of days before they are due, the one or two or three days of difference between them depositing it into the prison mail system and it being mailed out, that difference can and easily will make a difference between the filing appearing to be timely or not. Allowing postmark evidence at all can create a trap for the unwary. In addition to that, this rule is also fair, because it makes the timeliness of a party's filing entirely dependent upon their own actions. It is also efficient... And yet, in this instance, his actions were timely, even though 12b-6 was not followed technically to the letter of law. I mean, a lot of the language was correct, but he had in there just not enough. But, you know... Not yet. So he didn't. And I guess I would push back against the premise that there was some sort of substantial compliance here or that he complied with the spirit of the rule. He didn't. I mean, well, first of all, the Court said that there is no such thing as substantial compliance with the certificate requirement in SECURA. There's no harmless error analysis here. But that's beside the point. This wasn't a certificate is the problem. It's not just a matter of submission language. It's the missing language that makes a certificate a certificate. He didn't state under proof of perjury or under penalty of law that the contents were true. That is what a certificate is. And what — is there any prejudice to the State by the fact that they didn't do that? No. No. This is a jurisdictional rule. This isn't — prejudice isn't typically a part of the analysis, because this isn't like the kind of error that we can forfeit, for example. It's a limitation on the appellate court's authority. So — You're not disputing that it was timely? You're not disputing that? No. No. Okay. And you didn't really comment on your thoughts with respect to a supervisory order? Yes. So if there is an appropriate form of relief, it is definitely that and not the other two options. I would note that the broader option, the theoretical option of bypassing its normal rulemaking process and amending the rule through an opinion, that is also an exercise of supervisory authority. It's just a much more drastic one with farther-reaching consequences. So if the court feels that it is appropriate to exercise its supervisory authority first, a petitioner should ask for one. And the court can decide if that is appropriate. I will note that criminal defendants and post-conviction petitioners do, with some regularity, move for supervisory relief to reinstate on timely appeals. And we, the people, seldom, if ever, respond to those. So if a petitioner does make such a request, we feel that the court can decide whether that relief is appropriate based on the record before it and without the people's input, as it usually does. Ginsburg. Counsel, your opponent is, in essence, in my view, making an equitable argument that this was clearly mailed on time. The defendant omitted the step of putting the certification document in. And following up on Justice O'Brien's question, if we exercise equitable, our equitable powers, what's the injury to the state? There isn't any in particular. Okay. Thank you. No. If there's anything that people will call. We have instances where people have been held to the standard of the rule, correct, and not allowed to have their appeal. And this would be an exception that does not comply with the rule. That is true. And the court would have to decide if it finds that that is appropriate under the circumstances. I mean, to the extent that the petitioner is asking for relief based on the totality of the circumstances unique to his situation, that is what supervisory authority is for, is for making exceptions to the rules. Importantly, I'd also like to point out that there are other exceptions to these rules. Notably, the primary mechanism for making exceptions to the court's timely filing rules is, for notices of appeal, is the late notice of appeal under Rule 606C. And I would note that we likely wouldn't be here if petitioner's counsel in the first district had simply moved for leave to file a late notice of appeal under that rule by arguing that petitioner's timely file, his original notice of appeal, his delay in bringing his original appeal, was not due to his culpable negligence. And there, for that argument, he certainly could have relied on this notice of mailing that he points out, showing that he did attempt to file some kind of certificate, although he made a mistake, and that he did mail his notice of appeal on time, apparently, based on the postmark. So to the extent that petitioner is asking, is seeking some kind of equitable exception to the rule, the problem here principally is that he's not asking for an equitable exception to the rule, or maybe now he is through a supervisory order, which would be the appropriate mechanism of relief if there is one. Equity simply is not a reason to interpret the rule as not being a rule, which is essentially what he's asking the court to do, principally in his brief. The absurd results doctrine is, like any other tool of statutory and court rule interpretation, merely something that we use to ascertain and give effect to the drafter's intent. And it would only be appropriate, an unjust result would only allow us, it would only make it appropriate to disregard and construe a rule in a way contrary to its plain language if that result shows that the rule is not operating as it was intended. And petitioner simply cannot show that here. This is a clean, simple, bright-line rule. It's fair, it's generally efficient, and if there are cases where equitable exceptions are to be made, certainly there must be, that does not show that the rule in general was not doing what it was supposed to do. If anything in this case did not happen as it should have, it's probably that his lawyer should have moved for leave to file a late notice of appeal and did not. Okay. So for those reasons, and those in our brief, unless there are any questions, I'm happy to answer any. I would simply ask the court to overrule Humphrey and Hansen, confirm that the rule doesn't mean what it says, and then consider as appropriate whether to grant supervisory relief in this case. Thank you, Your Honors. Thank you. Also, may I follow up on some of the issues that were just raised? Yes. Why haven't you filed a motion to file a late notice of appeal? Don't you have six months to do that? Isn't that the recourse that our rules provide? Yes. That would have been a possibility, yes, Your Honor. So you're not going to comply with that rule either? I'm sorry. I didn't hear the last part. That seems to be the answer, that our rules were amended to assist incarcerated defendants, and then additional rule was added to give another avenue in case there's some other issue, some other problem comes up within six months, that a motion for a petition for a late notice of appeal. Why not? Why isn't that the answer? Well, it's very efficient to just look at the postmark on the envelope, which shows timely mailing. Of course, those are options. Why not? Isn't the answer to the problem of the failure to comply with the rule precisely, therefore it is rejected because it doesn't comply with the rule, isn't the answer provided in our rules, which is the allowance of a late notice of appeal? That does seem to be, yes, a way to do that, yes. But you're not going to pursue that? I would have to. rather than using our own rules to resolve this problem. I would have to look into if that is a possibility at the moment. The key thing here is that these rules do err on the side of protecting the rights of pro se incarcerated litigants. Chief Justice Tice just told you that we do have a rule that does that, that your opponent pointed out. And I'm still struggling with your answer as to why isn't that the avenue that you chose as opposed to this avenue, which is really asking us to do a lot more to our rules because of this one case than you would have needed had you chosen to proceed under 606A. Really, we are just asking the court to not overlook clear evidence that the notice of appeal was timely filed. That is really what we're asking for. And just to ensure access to the courts for these pro se incarcerated litigants. We're not asking to change the rule and get rid of any certification requirement and replace it with a postmark rule. We're just asking this court, the importance is to not overlook clear evidence on the record of the postmark that the notice of appeal was timely mailed. I would really like you to respond to your opponent's question or his comment that this could have all been avoided had counsel, the defendant's counsel, chosen to file a motion for relief under 606A during that six month period. Why didn't you do that? I do not know, Your Honor. I do not know why that was not done. Perhaps that would have been the best situation, the best way to go about it. But here where we're at, courts should err on the side of protecting the rights of pro se incarcerated litigants and not overlook clear evidence on the record that the notice of appeal was timely mailed. So back to my earlier question. Do we do this every time somebody mails their document on time but with no certification but it clearly has a postmark or a metered stamp that shows the date? So do we make an exception every time? If that's the case, why do we have the rule? I mean, I'm still not clear. Are you asking, I think you're asking us to exercise equitable powers in this particular case. Yes, Your Honor. When I asked you that before, you kind of hedged, so I'm not sure what you're asking. In this particular case, yes. We are asking for the courts to rule equitably in favor of Mr. English, yes. That is what we are presented with today, yes. Could it be that there was no late notice of appeal petition 5 because our rule 66C, when it talks about extensions of time, allows for an extension of a late notice of appeal for six months if that failure to be timely was not due to the appellant's culpable negligence? Could it be that there's some concern that he would not have been allowed to file this because he was culpably negligent in filing his original appeal? In not filing the certificate along with it, you mean? Yes, but that could be possible. Do we know when he was notified that his appeal wasn't accepted as being late? Was it within the six months? I do not have the date on that. I'm sorry, Your Honors. This issue was not raised until on appeal by the state, I believe, in the appellate briefs. So it was not raised on the original appeal. It was not raised until the state brought it up in its reply brief. And I do not have the dates on that. I apologize for that. We simply ask this Court to not ignore clear evidence on the record that Mr. English's notice of appeal was timely filed and to ensure that he has access to the courts and is able to file an appeal. There are no further questions, Your Honor. Thank you.